# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3508-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES R. SMITH,

     Defendant-Appellant.

_____

> Submitted February 25, 2020 – Decided April 28, 2020
>
> Before Judges Yannotti and Hoffman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 02-07-0494.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).
>
> Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James R. Smith appeals from the Law Division order denying his petition for post-conviction relief (PCR). We affirm because defendant's petition is time-barred under Rule 3:22-12(a)(1) and otherwise lacks merit.

## I.

We briefly summarize the relevant facts on appeal, which we set forth at length in our opinion on defendant's direct appeal. State v. Smith, Docket No. A-1382-02 (App. Div. Oct. 5, 2004) (slip op. at 30). On August 7, 2002, defendant abducted two teenagers at knifepoint, T.R. and D.W.,[1] from the Ocean City boardwalk. Defendant led the two victims to a deserted area near the water, where he bound T.R. and forced D.W. to perform oral sex upon him. Defendant then drove D.W. from Ocean City to wooded areas in Cape May and Cumberland Counties, where he repeatedly sexually assaulted her. Afterward, defendant left D.W. tied to a tree. Eventually, D.W. freed herself and found her way back to the road. She flagged down a passing motorist, who brought her to the Port Norris State Police barracks.

D.W. was able to provide the State Police with an accurate description of defendant, his car, and the license plate number of the car. Within two days,

---

[1] We use initials for the victims pursuant to R. 1:38-3(c)(12).

A-3508-17T4

investigators located defendant in Pennsauken and placed him under arrest. After waiving his <u>Miranda</u>[2] rights, defendant provided an initial statement, claiming his encounters with T.R. and D.W. were consensual. Later that day, after an investigator with the Cape May County Prosecutor's Office (CMCPO) questioned him about inconsistencies in his statement, defendant told the investigator to "get the tape-recorder," because he was ready to tell the truth. Defendant then provided a confession in a recorded statement.

On February 27, 2001, a Cape May County Grand Jury returned indictment number 01-02-0129 charging defendant with one count of first-degree attempted murder, N.J.S.A. 2C:5-1, 2C:11-3(a), two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b), four counts of aggravated sexual assault, N.J.S.A. 2C:14-2(a), two counts of third-degree terroristic threats, N.J.S.A. 2C:12-3(b), one count of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), and two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).

On March 15, 2001, pursuant to a plea agreement, defendant pleaded guilty to two counts of first-degree kidnapping and two counts of aggravated

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966)

sexual assault. Under the agreement, the State recommended an aggregate forty-year sentence, with a minimum of thirty-four years without parole.

In August 2001, defendant unsuccessfully moved to withdraw his guilty plea. The court then sentenced defendant in accordance with the plea agreement, imposing a forty-year sentence, with a thirty-four-year period of parole ineligibility as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On December 21, 2001, defendant filed a PCR petition. Less than three weeks later, on January 7, 2002, defendant appealed his conviction and sentence. On February 7, 2002, defendant withdrew his initial PCR petition due to his pending direct appeal.

In late December 2001, while confined in Trenton State Prison, defendant sent Diane a pornographic picture and a terrorizing letter threatening to kill her. A forensic document examiner opined that defendant wrote the letter.

On February 13, 2002, the State filed a motion to withdraw from defendant's plea agreement. The Law Division granted the motion and vacated defendant's conviction and guilty plea. We dismissed defendant's appeal as moot.

On February 26, 2002, a Cape May County grand jury returned indictment number 02-02-0163 charging defendant with one count of terroristic threats, N.J.S.A. 2C:12-3(b), and one count of witness tampering, N.J.S.A. 2C:28-5(a). On July 30, 2002, the grand jury returned a superseding indictment, number 02-07-00494, combining defendant's charges from indictment number 01-02-00129 and indictment number 02-02-0163.

On August 13, 2002, a jury found defendant guilty of two counts of first-degree kidnapping, four counts of first-degree aggravated sexual assault, three counts of third-degree terroristic threats, two counts of possession of a knife for an unlawful purpose, and one count of fourth-degree unlawful possession of a knife. The court sentenced defendant to an aggregate term of 105 years, with a lengthy period of parole ineligibility. The trial court entered defendant's judgment of conviction (JOC) on August 22, 2002.

Defendant appealed his conviction and sentence, raising the following arguments:

> POINT I
>
> DEFENDANT, [J.S.], CONVICTION MUST BE REVERSED SINCE THE TRIAL [COURT] ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS HIS STATEMENT DEPRIVING DEFENDANT OF HIS DUE PROCESS RIGHT TO A

FAIR TRIAL (U.S. CONST. AMEND., XIV; N.J. CONST. OF 1947, ART. I, 9, 10) (RAISED BELOW).

POINT II

THE DEFENDANT'S CONVICTION MUST BE REVERSED SINCE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, PURSUANT TO U.S. CONSTITUTION, AMEND. VI.

POINT III

DEFENDANT'S CONVICTIONS ON COUNTS FIVE AND SIX AND/OR ON COUNTS NINE AND TEN MUST BE REVERSED SINCE THE [SUPERSEDING] INDICTMENT WAS INSUFFICIENT TO DETERMINE THE CRIME FOR WHICH THE JURY CONVICTED THE DEFENDANT, AND/OR ALTERNATIVELY THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS COUNTS FIVE OR SIX AT THE END OF THE STATE'S CASE BASED UPON THE ABOVE ARGUMENT AND FAILURE TO PROVIDE THE [SUPERSEDING] INDICTMENT UNTIL THE DAY OF TRIAL.

POINT IV

DEFENDANT, [J.S.], CONVICTION SHOULD BE REVERSED SINCE THE TRIAL COURT'S CHARGE WAS INCORRECT, INADEQUATE AND CONFUSING THEREBY DEPRIVING DEFENDANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL (U.S. CONST. AMEND. XIV; N.J. CONST. OF 1947, ART. I, 9, 10).

POINT V

DEFENDANT'S CONVICTION MUST BE REVERSED, SINCE THE TRIAL COURT ABUSED ITS DISCRETION IN TRANSPORTING THE JURY TO VIEW ONE OF THE SCENES OF THE ALLEGED CRIMES AND FAILING TO CHARGE THE JURY THAT WHAT THEY OBSERVED ON THE VIEWING WAS NOT EVIDENCE, BUT AN AID TO UNDERSTANDING EVIDENCE, AND BY DENYING THE DEFENSE REQUEST TO VIEW THE OTHER SCENES TO PUT THE VIEWING IN CONTEXT.

POINT VI

A. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS COUNT [THIRTEEN] AT THE END OF THE STATE'S CASE SINCE THE STATE FAILED TO DEMONSTRATE AN IMMEDIATE THREAT AND THE COURT FAILED TO CHARGE THE JURY ON THE LESSER INCLUDED OFFENSE OF HARASSMENT PURSUANT TO [N.J.S.A.] 2C:33-4.

B. IF IT WAS PROPER TO SUBMIT THE CHARGE CONTAINED IN COUNT THIRTEEN TO THE JURY, DEFENSE COUNSEL SHOULD HAVE REQUESTED, OR THE COURT SHOULD HAVE SUA SPONTE CHARGED THE LESSER INCLUDED OFFENSE OF HARASSMENT PURSUANT TO [N.J.S.A.] 2C:33-4.

POINT VII

THE MATTER MUST BE REMANDED TO THE SENTENCING COURT FOR CLARIFICATION REGARDING THE SENTENCE IMPOSED.

POINT VIII

THE SENTENCE IMPOSED ON DEFENDANT IS
EXCESSIVE.

We rejected these arguments and affirmed defendant's convictions and the sentences imposed. We did, however, remand the matter to the trial court to clarify the JOC regarding periods of parole ineligibility. State v. Smith, Docket No. A-1382-02 (App. Div. Oct. 5, 2004) (slip op. at 30). Defendant also raised ineffective assistance of counsel arguments in his initial appeal; however, we found the record insufficient to address these arguments. We therefore denied the arguments "without prejudice to defendant . . . rais[ing] these arguments in a [PCR] application." Id. at 17.

On March 7, 2005, defendant filed a pro se petition for PCR. His petition asserted numerous claims relating to pre-trial and trial publicity and ineffective assistance of counsel. On April 24, 2006, the PCR court entered an order stating "the petition for [PCR] is withdrawn with prejudice."

On January 6, 2010, defendant sent a letter to the CMCPO. In the letter, defendant essentially requested all documents concerning the superseding indictment against him, citing the Open Public Records Act[3] (OPRA) as the basis

---

[3] N.J.S.A. 47-1A-1 to 13.

for his request. On January 13, 2010, the CMCPO responded that the information requested had already been provided to his counsel or was not available.

On March 16, 2010, defendant filed a petition for writ of habeas corpus with the United States District Court for the District of New Jersey. On October 6, 2010, the District Court dismissed defendant's petition as time barred. The Supreme Court of the United States denied certiorari on January 9, 2012.

On December 20, 2013, defendant filed another pro se petition for PCR, again alleging that he was denied effective assistance of counsel. Defendant also asserted the trial court erred in various respects and accused the State of withholding certain exculpatory evidence. Defendant sought an evidentiary hearing on his petition. On July 25, 2014, the PCR court entered an order denying the petition. The order stated that the petition was defendant's "second or subsequent petition." The order also stated that the petition was denied based on the court's April 24, 2006 order, which stated that defendant's first PCR petition had been withdrawn with prejudice.

Defendant appealed and raised the following single argument:

> THE JUDGE BELOW ERRED IN DISMISSING THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF, AS IT WAS DEFENDANT'S FIRST POST-CONVICTION RELIEF MOTION, HIS

9 <span>A-3508-17T4</span>

PREVIOUSLY FILED MOTION HAVING BEEN WITHDRAWN WITH PREJUDICE WITHOUT BEING HEARD ON THE MERITS AS REQUIRED BY COURT RULES AND LEGAL PRECEDENT.

We reversed and remanded, concluding the PCR court erred by treating the December 20, 2013 petition as "a second or subsequent petition" under Rule 3:22-4(b). We concluded the court mistakenly relied on the fact the order withdrawing defendant's March 7, 2005 PCR petition stated it was withdrawn "with prejudice," even though the court never ruled on the merits of defendant's claims. State v. Smith, Docket No. A-5937-13 (App. Div. Jan. 9, 2017) (slip op. at 8).

In addition, we provided the PCR court with the following instructions:

> On remand, the PCR court shall appoint counsel to represent defendant, R. 3:22-6(a), and shall afford counsel time in which to file an amended petition. The amended petition must include facts showing that defendant's failure to file a timely petition was due to "excusable neglect." The amended petition must also address whether, if defendant's factual claims are found to be true enforcement of the time[-]bar "would result in a fundamental injustice." The PCR court will then determine whether the time[-]bar should be enforced and, if not, the court should address the merits of defendant's claims.
> [Id. at 9]

Accordingly, defendant's PCR counsel filed a brief contending the PCR court should relax the time-bar under the circumstances. On October 20, 2017,

10

defendant filed a motion with the PCR court requesting the court to compel production of PCR discovery from the CMCPO. In the motion, defendant sought the same documents he previously requested in his OPRA request.

On December 6, 2017, defendant appeared with PCR counsel before Judge John C. Porto, who heard oral argument on defendant's petition and motion. On January 30, 2018, Judge Porto denied defendant's petition as time-barred.

Defendant now appeals, raising the following point of argument:

> POINT ONE
>
> THE PCR COURT ERRONEOUSLY RULED THAT [J.S.] PETITION WAS TIME[-]BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXUSABLE NEGLECT AND THERE IS A REASONABLE PROBABLITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

II.

After considering the record and the briefs, we conclude defendant's argument lacks substantive merit. We affirm substantially for the reasons stated by Judge Porto in his cogent oral opinion. We add the following comments.

Our court rules preclude PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's

11

excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . ."  R. 3:22-12(a)(1)(A).  Our Supreme Court has stated that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'"  State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition."  State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).  Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).  Furthermore, "[a]bsent compelling, extenuating circumstances, the burden of justifying a petition filed after the five-year period will increase with the extent of the delay."  Mitchell, 126 N.J. at 580.

Here, notwithstanding our clear directions, defendant failed to set forth facts that show his failure to file a timely petition was due to excusable neglect. Judge Porto correctly concluded that the five-year limitation period began to run from the date of defendant's JOC and was not stayed by the filing or pendency of his direct appeal or federal habeas proceedings. Moreover, defendant displayed his ability to pursue claims within the legal system on his own, made evident from his numerous appeals, motions, petitions for habeas corpus and a writ of certiorari, and three filed PCR petitions.

Excusable neglect requires more than simply providing reasons why a petition was filed beyond the five-year window. As Judge Porto explained:

> Ultimately against this factual landscape of petitioner's case, this [c]ourt rejects the petitioner's contention that his petition should not be time[-]barred due to his pursuit of relief in other courts. The [c]ourt also rejects his argument that the petition should be heard to avoid a miscarriage of justice, as he does not even provide a scintilla of evidence or reason to support that bald conclusion. State law in this regard is very clear that a bare allegation is not sufficient to elude the time[-]bar. In other words, if the petitioner does not allege sufficient facts, the court bars the claim.
>
> In a diligent and deferential search of petitioner's petition, this [c]ourt cannot find anywhere where [defendant] articulates or explains any fact for which this [c]ourt may consider excusable neglect. . . .
>
> . . . .

When he was specifically required to articulate why he should not be time[-]barred in this matter, he simply provided no fact or facts from which this [c]ourt could consider.

Defendant's remaining arguments are based on bald assertions without evidential support in the record, and otherwise lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION